# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS

```
* * * * * * * * * * * * * * * * * * *
JAMES HARVEY, M.D.,              *
                                 *    No. 20-596V
                                 *    Special Master Christian J. Moran
                                 *
              Petitioner,        *
v.                               *
                                 *    Filed: October 6, 2022
                                 *
SECRETARY OF HEALTH              *
AND HUMAN SERVICES,              *
                                 *    Attorneys' fees and costs, interim
              Respondent.        *    award
* * * * * * * * * * * * * * * * * * *
```

Jessica A. Wallace, Siri & Glimstad LLP, Aventura, FL, for Petitioner;
Ryan D. Pyles, United States Dep't of Justice, Washington, D.C., for Respondent.

### UNPUBLISHED DECISION AWARDING
### ATTORNEYS' FEES AND COSTS ON AN INTERIM BASIS[1]

On May 13, 2020, James Harvey ("Petitioner") filed a petition under the National Childhood Vaccine Injury Act, 42 U.S.C. § 300aa–10 through 34 (2012). Petitioner claims that he suffered from leukocytoclastic vasculitis and post-vaccine polyneuritis after receiving the influenza ("flu") vaccine on October 6, 2017. Pet., filed May 13, 2020; exhibit 1 (affidavit of James Harvey). Petitioner filed medical records and a letter from a treating doctor. Petitioner's counsel of record is Ms. Jessica Wallace.

On December 16, 2020, the Secretary argued that compensation was not appropriate because petitioner has not established a prima facie case establishing that his off-Table injuries can cause or were caused by the flu vaccine. Resp't's

---

[1] The E-Government Act, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services), requires that the Court post this decision on its website. This posting will make the decision available to anyone with the internet. Pursuant to Vaccine Rule 18(b), the parties have 14 days to file a motion proposing redaction of medical information or other information described in 42 U.S.C. § 300aa-12(d)(4). Any redactions ordered by the special master will appear in the document posted on the website.

Rep. at 12-17.  The Secretary has also argued the severity requirement has not been established in this case.  Id. at 14.

To develop his case, petitioner retained Dr. Merrill Gershwin and Dr. Enrique Aradillas to provide expert opinions.  Dr. Gershwin's reports are exhibits 19, 22, and 26.  Dr. Aradillas's report is exhibit 23.

On June 16, 2022, petitioner moved for an award of attorneys' fees and costs on an interim basis, requesting $50,806.20 in fees and $29,936.38 in costs, for a total of $80,742.58.  Pet'r's Mot. IAFC at 2.  **For the reasons that follow, petitioner is awarded $52,492.58.**  An additional amount is deferred.

\*       \*       \*

The requested fees include work performed and costs incurred as of June 16, 2022, when petitioner filed his motion.  Petitioner argues that an award of interim fees and costs is appropriate in this case because: the case was filed with good faith and a reasonable basis; this case involves protracted litigation, costly experts, and undue hardship would result if interim fees were denied; counsel's hourly rates are reasonable; and petitioner's experts' rates are reasonable.  Pet'r's Mot. IAFC at 23-33.  Petitioner argues it will likely be a significant time period before the case concludes, given that it has been pending for more than two years.  Id. at 26.

The Secretary filed his response to petitioner's motion on June 30, 2022.  Resp't's Resp.  The Secretary did not provide any objection to petitioner's request.  Id.  Instead, he stated that he "recommends that the Special Master exercise his discretion and determine a reasonable award for attorneys' fees and costs."  Id. at 3.

This matter is now ripe for adjudication.

\*       \*       \*

Petitioner's motion implicitly raises a series of sequential questions, each of which requires an affirmative answer to the previous question.  First, whether petitioner is eligible under the Vaccine Act to receive an award of attorneys' fees and costs?  Second, whether, as a matter of discretion, petitioner should be awarded her attorneys' fees and costs on an interim basis?  Third, what is a

reasonable amount of attorneys' fees and costs?  These questions are addressed below.

## 1. Eligibility for an Award of Attorneys' Fees and Costs

As an initial matter, interim fee awards are available in Vaccine Act cases. Avera, 515 F.3d at 1352.  Since petitioners have not received compensation from the Program, they may be awarded "compensation to cover [their] reasonable attorneys' fees and other costs incurred in any proceeding on such petition if the special master or court determines that the petition was brought in good faith and there was a reasonable basis for the claim."  42 U.S.C. § 300aa-15(e)(1).  As the Federal Circuit has stated, "good faith" and "reasonable basis" are two separate elements that must be met for a petitioner to be eligible for attorneys' fees and costs.  Simmons v. Sec'y of Health & Hum. Servs., 875 F.3d 632, 635 (Fed. Cir. 2017).

"Good faith" is a subjective standard.  Id.; Hamrick v. Sec'y of Health & Hum. Servs., No. 99-683V, 2007 WL 4793152, at *3 (Fed. Cl. Spec. Mstr. Nov. 19, 2007).  A petitioner acts in "good faith" if he or she honestly believes that a vaccine injury occurred.  Turner v. Sec'y of Health & Hum. Servs., No. 99-544V, 2007 WL 4410030, at * 5 (Fed. Cl. Spec. Mstr. Nov. 30, 2007).  The Secretary has not challenged petitioner's good faith here, and there is little doubt that petitioner brought the claim with an honest belief that a vaccine injury occurred.

In contrast to good faith, reasonable basis is purely an objective evaluation of the weight of the evidence.  Simmons, 875 F.3d at 636.  Because evidence is "objective," the Federal Circuit's description is consistent with viewing the reasonable basis standard as creating a test that petitioners meet by submitting evidence.  See Chuisano v. Sec'y of Health & Hum. Servs., No. 07-452V, 2013 WL 6234660 at *12–13 (Fed. Cl. Spec. Mstr. Oct. 25, 2013) (explaining that reasonable basis is met with evidence), mot. for rev. denied, 116 Fed. Cl. 276 (2014).

Here, the reports from the experts petitioner has retained, Dr. Gershwin and Dr. Aradillas, satisfy the reasonable basis standard.  See exhibits 19, 22, 23, 26. These reports, combined with petitioner's medical records, establish a theory of causation and provide a reasonable basis sufficient for the attorneys' fees and costs determination.

## 2. Appropriateness of an Interim Award

Interim awards should not be awarded as a matter of right.  Avera, 515 F.3d at 1352 (Fed. Cir. 2008).  Instead, petitioners must demonstrate "undue hardship."

Id.  The Federal Circuit noted that interim fees "are particularly appropriate in cases where proceedings are protracted and costly experts must be retained." Id. The Circuit has also considered whether petitioners faced "only a short delay in the award" before a motion for final fees could be entertained. Id.

The Federal Circuit has not attempted to specifically define what constitutes "undue hardship" or a "protracted proceeding." In the undersigned's practice, interim fees may be appropriate when the amount of attorneys' fees exceeds $30,000 and the case has been pending for more than 18 months. Petitioner clears both hurdles.

### 3. Reasonableness of the Requested Amount

Under the Vaccine Act, a special master may award reasonable attorneys' fees and costs. 42 U.S.C. § 300aa-15(e)(1). Reasonable attorneys' fees are calculated by multiplying a reasonable hourly rate by a reasonable number of hours expended on litigation, the lodestar approach. Avera, 515 F.3d at 1347–48 (quoting Blum v. Stenson, 465 U.S. 886, 888 (1984)); Saxton ex rel. v. Sec'y of Health & Hum. Servs., 3 F.3d 1517, 1521 (Fed. Cir. 1993). In light of the Secretary's lack of objection, the undersigned has reviewed the fee application for its reasonableness. See McIntosh v. Sec'y of Health & Hum. Servs., 139 Fed. Cl. 238 (2018).

### A. Reasonable Hourly Rate

Reasonable hourly rates are determined by looking at the "prevailing market rate" in the relevant community. See Blum, 465 U.S. at 895. The "prevailing market rate" is akin to the rate "in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." Id. at 895, n.11. A petitioner's counsel in the Vaccine Program is paid the forum rate unless the bulk of the work is performed in a locale other than the forum (District of Columbia) and the local rate is significantly lower than the forum rate. Avera, 515 F.3d at 1349. If these two requirements are met, the Davis County exception applies, and petitioner's counsel is paid according to the local rate to avoid a "windfall." Id.; see Davis Cty. Solid Waste Mgmt. and Energy Recovery Special Serv. Dist. v. United States Envtl. Prot. Agency, 169 F.3d 755, 757–60 (D.C. Cir. 1999).

For cases in which forum rates apply, McCulloch provides a framework for consideration of appropriate ranges for attorneys' fees based upon the experience of the practicing attorney. McCulloch v. Sec'y of Health & Hum. Servs., No. 09-293V, 2015 WL 5634323, *19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015), motion for recons. denied, 2015 WL 6181910 (Fed. Cl. Spec. Mstr. Sept. 21, 2015). The

Court has since updated the <u>McCulloch</u> rates, and the Attorneys' Forum Hourly Rate Fee Schedules for 2015–2016, 2017, 2018, and 2019 can be accessed online.[2]

Petitioner states that "[t]he rates [charged by counsel and staff] are consistent with the Office of Special Masters Attorneys' Forum Rate Fee Schedules for 2015-2022 and/or what other special masters have awarded for the attorneys and the paralegals at this firm[,]" and are therefore reasonable.  Pet'r's Mot. IAFC at 28.  The Secretary does not dispute petitioner's counsel's entitlement to forum rates.  Given Ms. Wallace's level of experience, the undersigned finds these rates to be reasonable.  Attorney Debra Gambella also provided some support to Ms. Wallace.  Her proposed rate is in line with the forum rates and is reasonable.

Ms. Wallace's was also assisted by paralegals and law clerk: Kimberly Hertz, Patricia Chen, Jennifer Malainy, Ashley Plescia, Nicky Tenney, Esther Novak, Matthew Menendez, and Gretchen Elgersma.  Ms. Wallace was also assisted by legal nurse consultant Jill Rubolino.  The rates requested for these individuals are in line with the forum hourly rate fee schedule and therefore reasonable.

B. <u>Reasonable Number of Hours</u>

The second factor in the lodestar formula is a reasonable number of hours.  Reasonable hours are not excessive, redundant, or otherwise unnecessary.  <u>See</u> <u>Saxton</u>, 3 F.3d at 1521.  The Secretary did not challenge any of the requested hours as unreasonable.

The time entries created by Ms. Wallace and her staff provide sufficient detail to assess their reasonableness.  Ms. Wallace and her staff helpfully listed some items, such as administrative tasks for which they appropriately did not charge.  <u>See</u>, <u>e.g.</u>, entry for May 15, 2020.  These entries for zero dollars show an exercise of billing judgment.

Nevertheless, a handful of entries appear unreasonable.  For example, Ms. Wallace spent hours reviewing medical records.  However, an initial review of medical records can be performed by a paralegal, who charges a lower hourly rate.  <u>See</u>, <u>e.g.</u>, entry for Nov. 3, 2021.  In addition, staff sometimes charged for clerical tasks, such as filing medical records, for which no charge is appropriate.  <u>See</u>, <u>e.g.</u>, entries for March 31, 2021; April 9, 2021; Nov. 5, 2021.  To account for these

---

[2] The 2015–2016, 2017, 2018, 2019, 2020, 2021, and 2022 Fee Schedules can be accessed at: https://www.uscfc.uscourts.gov/node/2914.  The hourly rates contained within the schedules are updated from the decision in <u>McCulloch</u>, 2015 WL 5634323.

issues, $2,000 will be reduced.  See Fox v. Vice, 563 U.S. 836, 838 (2011) (indicating that trial courts may use "rough justice" in awarding attorneys' fees).

Accordingly, petitioner is awarded attorneys' fees in the amount of $48,806.20.

C. Costs

Like attorneys' fees, a request for reimbursement of costs must be reasonable.  Perreira v. Sec'y of Health & Hum. Servs., 27 Fed. Cl. 29, 34 (Fed. Cl. 1992), aff'd, 33 F.3d 1375 (Fed. Cir. 1994).  Petitioner requested $29,936.38 in attorneys' costs, consisting of acquiring medical records, paying the court filing fee, postage, and acquiring and compensating for the services of two experts.  See Pet'r's Mot. IAFC, Exhibit 1 at 31-32; see also Pet'r's Mot. IAFC at 31-33.  For the non-expert-related costs, the undersigned finds that petitioner has provided adequate documentation for these costs and will award them in full.

For the expert-related costs, petitioner has requested compensation for the expert fees of Dr. Gershwin and Dr. Aradillas, and for a retainer fee paid to Dr. Kinsbourne for a preliminary evaluation (though he did not provide any reports in this matter).  Reasonable expert fees are also determined using the lodestar method in which a reasonable hourly rate is multiplied by a reasonable number of hours.  See Chevalier v. Sec'y of Health & Hum. Servs., No. 15-001V, 2017 WL 490426, at *3 (Fed. Cl. Spec. Mstr. Jan. 11, 2017).  A reasonable hourly rate for an expert depends, in part, on the quality of the expert's work.  Sabella v. Sec'y of Health & Hum. Servs., 86 Fed. Cl. 201, 218-25 (2009).

Dr. Gershwin billed 42.5 hours at a rate of $500 per hour for the preparation of his expert report and supplemental expert reports, for a total of $21,250.  Pet'r's Mot. IAFC, 31-33.[3]  Dr. Gershwin is board-certified in internal medicine, internal medicine with a specialty in rheumatology, and allergy and clinical immunology.  See exhibit 20; Pet'r's Mot. IAFC at 31.  His expertise was relevant to petitioner's claim, and he provided a thorough expert report and responsive supplemental reports.  See generally exhibits 19, 22, and 26.

However, petitioner did not provide any invoices regarding the work Dr. Gershwin has performed.  Ms. Wallace states her firm has paid $21,250 to Dr. Gershwin for his work thus far.  See Invoice and Statement of Expenses, at 30-31.  However, without documentation submitted by Dr. Gershwin, the undersigned is

---

[3] Though the motion and invoices provided do not state Dr. Gershwin billed 42.5 hours, the total costs paid to him was for $21,250 at a rate of $500 per hour.  Thus, it seems he is claiming to have worked for 42.5 hours on this case thus far.

unable to evaluate whether the tasks and time spent on those tasks were reasonable. As such, the undersigned will defer ruling on the reasonableness of these requested expenses until petitioner submits his final fees application. When petitioner submits his final fees application, he is encouraged to provide the actual invoices from Dr. Gershwin and more details about the tasks Dr. Gershwin performed.

Similarly, the undersigned is unable to evaluate the reasonableness of the request for expenses incurred by Dr. Aradillas. Petitioner's motion for interim fees does not justify his rate and there is no information in the Invoice and Statement of Expenses regarding the work he performed, beyond the notation that he was paid $5,000. As such, as with Dr. Gershwin's expenses, the undersigned will defer ruling on the reasonableness of these expenses until a later date. In his final fees application, petitioner should provide information to justify the work performed by Dr. Aradillas.

Moreover, even if petitioner were to supplement his motion by filing invoices from Dr. Gershwin and Dr. Aradillas, the request for costs would probably still be deferred. The undersigned has not heard Dr. Gershwin and Dr. Aradillas testify. Because the quality of the expert's work is a factor that should be considered when determining the appropriate rate, it is advantageous to have heard the expert witness's testimony before making this determination when possible. See Schultz v. Sec'y of Health & Human Servs., No. 16-539V, 2019 WL 5098963, at *4-5 (Fed. Cl. Spec. Mstr. Aug. 28, 2019) (denying mot. for reconsideration on this point); Jones v. Sec'y of Health & Human Servs., No. 16-864V, 2019 WL 5098965, at *3 (Fed. Cl. Spec. Mstr. Aug. 26, 2019); Nifakos v. Sec'y of Health & Human Servs., No. 14-236V, 2018 WL 7286553, at *5 (Fed. Cl. Spec. Mstr. Dec. 12, 2018) (deferring award when expert's invoice is not detailed); Al-Uffi v. Sec'y of Health & Human Servs., No. 13-956V, 2015 WL 6181669, at *14 (Fed. Cl. Spec. Mstr. Sept. 30, 2015) (noting that interim expert costs are more commonly awarded after a hearing). Thus, the costs associated with Dr. Gershwin and Dr. Aradillas are deferred.

In sum, petitioner is awarded attorneys' costs in the amount of $3,686.38. Petitioner may submit more information in his final fees application to justify the expert expenses that the undersigned has deferred ruling on.

*       *       *

Accordingly, petitioner is awarded:

**A lump sum of $52,492.58 in the form of a check made payable to petitioner and petitioner's attorney, Jessica A. Wallace.**

This amount represents reimbursement of interim attorneys' fees and other litigation costs available under 42 U.S.C. § 300aa-15(e).  In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[4]

**IT IS SO ORDERED.**

s/Christian J. Moran
Christian J. Moran
Special Master

---

[4] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review.  Vaccine Rule 11(a).